*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 18, 2014

BY ECF AND FACSIMILE

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street, Suite 1320
New York, New York 10007
Fax:  (212) 805-0426

>      Re:      *United States v. Irwin Lipkin,*
>               No. S9 10 Cr. 228 (LTS)

Dear Judge Swain:

      I write in response to the letter dated yesterday from defense counsel, which seeks a further three-month adjournment of Irwin Lipkin's sentencing, from December 12, 2014, to March 20, 2015.  For the reasons that follow, the Government opposes any further adjournments.

      As the Court is aware, Irwin Lipkin pleaded guilty pursuant to a plea agreement more than two years ago, on November 8, 2012.  At the time, the Court scheduled sentencing for March 22, 2014.  Since then, the defendant's sentencing has been adjourned repeatedly – at the instigation of the defendant, the Court, and on one occasion, the Government – for a variety of legitimate reasons, including reasons related to Mr. Lipkin's health, the need by the defense to gather material for sentencing, a substitution of counsel, and to allow for counsel's participation in the long-running trial in *United States v. Bonventre*.[1]

      There is, however, no reason to further delay the defendant's sentencing.  Contrary to the defendant's letter, the Presentence Investigation Report for Mr. Lipkin is substantially complete: the first disclosure was made to counsel on or about August 30, 2013 – well over a year ago – and no objections have been filed.  I spoke to the United States Probation Officer who is handling the matter this morning, and he stated that the final PSR will be submitted on Monday,

---

[1]      *See* ECF Nos. 315 (2-month adjournment on Court's own motion), 362 (4-month adjournment on defendant's motion), 439 (6-month adjournment during pendency of *Bonventre* trial on Court's own motion), 769 (2-month adjournment pending completion of *Bonventre* trial on Government's motion), 987 (4-month adjournment on defendant's motion), 1125 (3-month adjournment on defendant's motion).

at the latest.[2]  And while it is true that the Government has not made its sentencing submission, that submission is not due until one week prior to the date for sentencing (and one week after the filing of the defense sentencing submission), pursuant to the Court's individual rules.  (*See* Sentencing Submission Procedure, Hon. Laura Taylor Swain, available at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=668; *see also* ECF No. 769 (memo-endorsed order reading, in part, "Sentencing submissions must be made in accordance with the undersigned's published procedures, which are available on the Court website.")).  That is, the defendant's submission is presently due on November 28, 2014, with the Government's submission due on December 5, 2014.

It is also true, of course, that if the Court goes forward with sentencing Mr. Lipkin on December 12, then he will be sentenced in the midst of the *Bonventre* trial defendants, and before Eric Lipkin is sentenced.  But that is no reason to delay Mr. Lipkin's sentence, either.  Irwin Lipkin pleaded guilty long before the trial defendants were convicted, and there is no logical reason why he should be sentenced after them.  Unlike the trial defendants, Mr. Lipkin's sentencing is not legally complicated – there is a stipulated Guidelines sentence of 10 years' imprisonment, and Mr. Lipkin has consented to a forfeiture money judgment in the amount of $170 billion.  And there is certainly no reason why he should be sentenced after his son, Eric Lipkin, who is a cooperating witness.

Two years after his guilty plea, and more than six months after his change of counsel, it is time for Irwin Lipkin to be sentenced for his crimes.  The Government respectfully requests that the Court sentence Irwin Lipkin on December 12, 2014, as scheduled.  Thank you for your consideration.

                                                                Respectfully,

                                                                 /s/  Matthew L. Schwartz
                                                                MATTHEW L. SCHWARTZ
                                                                Assistant United States Attorney
                                                                Tel.:  (212) 637-1945

cc:     BY ECF

        Richard Galler, Esq.
        *Attorney for Irwin Lipkin*

---

[2]  When defense counsel last requested an adjournment, in August, he noted that the defendant's "pre-sentence report is over one year old and needs to be updated, refined and commented on." (ECF No. 1122).  There is no reason to believe, however, that the PSR needs to be updated; certainly, the Court has never ordered that, and defense counsel has not pointed to any outdated information – let alone information of the kind that needs to be reflected in a revised PSR, as opposed to raised by the defendant at sentencing.  To the extent that there is information that urgently needs to be updated or commented upon, defense counsel should provide that information to the Probation Officer promptly, who can incorporate it into the final PSR, as appropriate.