UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
UNITED STATES OF AMERICA                              :
                                                      :    CONSENT PRELIMINARY
         -v.-                                         :    ORDER OF FORFEITURE AS TO SPECIFIC
                                                      :    PROPERTY/MONEY JUDGMENT
IRWIN LIPKIN,                                         :
                                                      :    S9 10 CR. 228 (LTS)
                    Defendant.                        :
                                                      :
------------------------------------------------------x

WHEREAS, on or about November 8, 2012, IRWIN LIPKIN (the "Defendant")
was charged in a two-count Information, S9 10 CR. 228 (LTS) (the "Information"), with
conspiracy to commit securities fraud, to falsify records of a broker-dealer, to falsify records of
an investment adviser, to make false filings with the SEC, and to falsify statements in relation to
documents required by ERISA, in violation of 18 U.S.C. § 371 (Count One); and falsifying
statements in relation to documents required by ERISA, in violation of 18 U.S.C. §§ 1027 and
2 (Count Two);

WHEREAS, the Information included a forfeiture allegation, seeking forfeiture to
the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property,
real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to
the commission of the offenses charged in Counts One and Two of the Information, including,
but not limited to, a sum of money representing the amount of proceeds obtained as a result of
the said offenses, to wit, approximately $170 billion, and all property traceable thereto, and also
gave notice of the Government's intent to forfeit substitute assets;

WHEREAS, on November 8, 2012, the Defendant pled guilty pursuant to a plea
agreement wherein the Defendant admitted the forfeiture allegations with respect to Counts One

and Two of the Information and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of those offenses, including but not limited to a sum of money equal to $170 billion, representing the amount of proceeds obtained as a result of the offenses charged in Counts One and Two of the Information;

WHEREAS Government contends that all of the Defendant's right, title, and interest in the following is subject to forfeiture either as property constituting or derived from proceeds traceable to the commission of the offenses charged in Counts One and Two or as substitute assets:

a.  The real property and appurtenances known as 335 Spencer Place, Paramus, New Jersey (the "New Jersey Property");

b.  The real property and appurtenances known as 15408 Strathearn Drive, Del Ray Beach, Florida 33448 (the "Florida Property");

c.  Fidelity IRA Account No. 483-984078, held in the name of Irwin Lipkin with an approximate value of $738,000 in United States currency (the "Irwin Lipkin IRA");

d.  Fidelity Joint Investment Account No. Z83-024899, held in the name of Irwin Lipkin and Carole S. Lipkin with an approximate value of $970,900 (the "Joint Fidelity Account");

e.  Fidelity IRA Account No. 483-984108 held in the name of Carole S. Lipkin with the approximate value of $605,000 in United States currency (Carole Lipkin IRA");

f.  One Two Tone Rolex Oyster Bracelet Watch with White Dial and Jubilee Bracelet located at the New Jersey Property (the "Rolex");

g.  One 14K Y/G Men's Ring with eight .08 Carat Baguette Rubies and eight Old Cut Diamonds .40 Carats in total (the "Ruby Ring");

h.  One Platinum & Diamond Women's Ring set with forty .08 Carat Baguettes (the "Diamond Ring");

i.   Stamp collection located at the New Jersey Property (the "Stamp Collection");

j.   A painting located at the New Jersey Property entitled "He's House Trained" by Red Skelton (the "Painting-1"); and

k.   A painting located at the New Jersey Property entitled "Choo Choo Freddie" by Red Skelton (the "Painting-2").

(Items a-k, collectively, the "Subject Property").

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $170,000,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Information;

WHEREAS, the Defendant consents to the forfeiture of all of his right title, and interest in the Subject Property as property obtained as a result of the offenses charged in Counts One and Two of the Information or as substitute assets;

WHEREAS, Carole S. Lipkin represents that she would file a petition asserting her right, title and interest in certain of the Subject Property;

WHEREAS, Marc Lipkin, Russell Lipkin, Eric Lipkin (collectively with Carole S. Lipkin, the "Potential Claimants") represent that they would file a petition asserting their right, title and interest, in the Florida Property and the New Jersey Property;

WHEREAS, on or about December 15, 2008, Honorable Louis L. Stanton, District Court Judge for the United States District Court for the Southern District of New York, appointed Irving H. Picard, Esq. (the "Trustee") as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, Title 15, United States Code, Sections 78aaa, *et seq.* ("SIPA");

3

WHEREAS, on or about June 10, 2009, Honorable Burton R. Lifland, Bankruptcy Court Judge for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the Consent Order Substantively Consolidating the Estate of Bernard L. Madoff Into the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC and Expressly Preserving All Rights, Claims and Powers of Both Estates (Case No. 08-01789 (SMB), ECF No. 252), pursuant to which order all assets and liabilities of the estate of Bernard L. Madoff ("Madoff") were consolidated into the SIPA liquidation of BLMIS and the Trustee was granted the powers of a Chapter 7 trustee for the estate of Madoff.

WHEREAS, pursuant to an order of the Bankruptcy Court, dated December 23, 2008 (the "Claims Procedures Order", Case No. 08-01789 (SMB), ECF No. 12), the Trustee is authorized to enter into settlements with claimants in connection with any claims upon which there is a disagreement, provided that Trustee obtains the approval of SIPC, and pursuant to the Claims Procedures Order, no further order of the Bankruptcy Court is necessary as long as any obligations incurred by the BLMIS Estate under the settlements are ascertainable from the books and records of BLMIS or are otherwise established to the satisfaction of Trustee;

WHEREAS, pursuant to an order of the Bankruptcy Court, dated November 12, 2010 (the "Settlement Order", ECF No. 3181), Trustee is authorized to enter into agreements in settlement of avoidable transfers without Bankruptcy Court approval, subject to the limitations and procedures set forth therein. Pursuant to the Settlement Order, provided that the proposed settlement meets the settlement standards established by the Bankruptcy Court, including, without limitation, the approval of the proposed settlement by SIPC, no further order of the Bankruptcy Court is necessary for the settlement of any and all avoidable transfers in an amount up to and including Twenty Million United States Dollars ($20,000,000.00);

4

WHEREAS, on November 11, 2010, Trustee commenced an adversary proceeding in the Bankruptcy Court against the Defendant and the Potential Claimants and others in an action captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Irwin Lipkin, et al.*, Adv. Pro. No. 10-04218 (SMB) (the "Adversary Proceeding");

WHEREAS, Trustee alleges that Irwin Lipkin and Carole Lipkin are liable to the BLMIS Estate for the receipt of avoidable and recoverable transfers during the six year period, at a minimum, in the aggregate amount of $1,415,039, consisting of $845,000 in the form of account withdrawals from BLMIS Account No. 1L0036 held solely in IRWIN LIPKIN's name and $570,039 in the form of account withdrawals from Account No. 1L0035 held solely in Carole S. Lipkin's name, and $70,461 in salary and bonuses paid to IRWIN LIPKIN (collectively, the "Avoidable Transfers");

WHEREAS, Irwin Lipkin filed claim no. 13025 (the "Irwin Lipkin Claim") in connection with BLMIS Account No. 1L0036, which was denied by Trustee pursuant to the Notice of Trustee's Determination of Claim dated April 22, 2010 (the "Irwin Lipkin Determination Notice");

WHEREAS, Irwin Lipkin filed an objection to the Determination Notice and an amended objection to the Determination Notice (the "Irwin Lipkin Objection") and now desires to withdraw the Irwin Lipkin Objection;

WHEREAS, Carole Lipkin filed claim no. 12861 (the "Carole Lipkin Claim") in connection with BLMIS Account No. 1L0035, which was denied by Trustee pursuant to the Notice of Trustee's Determination of Claim dated October 8, 2010 (the "Carole Lipkin Determination Notice");

5

WHEREAS, Carole Lipkin filed an objection to the Determination Notice (the "Carole Lipkin Objection") and now desires to withdraw the Carole Lipkin Objection;

WHEREAS, the Trustee represents that he has a potential claim to the Specific Property, including, specifically, the Joint Fidelity Account;

WHEREAS, the Government, the Defendant, the Potential Claimants, and the Trustee wish to resolve the forfeiture matters and the Adversary Proceeding as to Irwin Lipkin and Carole Lipkin consensually on the terms set forth herein;

WHEREAS, the Government, the Defendant, the Potential Claimants, and Trustee agree to enter into this Consent Preliminary Order of Forfeiture/Money Judgment to resolve claims that were or could have been asserted by the Trustee against the Defendant and the Potential Claimants in the Bankruptcy Court as relates to BLMIS Account Nos. 1L0035 and 1L0036 (the "Irwin and Carole Lipkin IA Accounts"), and in the ancillary proceeding in this action;

WHEREAS, for purposes of this settlement, the parties agree that the Joint Fidelity Account shall be subdivided as follows: (i) Carole Lipkin shall retain the shares set of stock set forth in Schedule A, attached (the "Released Stocks"); (ii) the remaining stock balance after subtraction of the Released Stocks shall be forfeited and recovered for the victims of the Madoff fraud, as follows: (a) the shares of stock set forth in Schedule B (the "Trustee Recovered Stocks") shall be forfeited and transferred to the Trustee pursuant to this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and (b) the remainder of the stocks in the account (the "Forfeited Fidelity Stocks") shall be forfeited to the Government pursuant to this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment;

WHEREAS, the Defendant and Potential Claimants consent to the forfeiture to the Government of the following assets which represent the proceeds of the offenses alleged in Counts One and Two in part and as substitute assets in part:

    a)  The Florida Property;

    b)  The Irwin Lipkin IRA;

    c)  The Rolex;

    d)  The Painting -1; and

    e)  The Forfeited Fidelity Stocks

(a-e, collectively, the "Specific Property").

WHEREAS, the Government has agreed to relinquish any and all claim to the following property:

    a)  The New Jersey Property;

    b)  The Carole Lipkin IRA;

    c)  The Ruby Ring;

    d)  The Diamond Ring;

    e)  The Stamp Collection;

    f)  The "Painting-2"; and

    g)  The Released Stocks

(collectively, the "Released Property").

WHEREAS, the Trustee in his capacity as trustee of SIPA action, has agreed to accept the Trustee Recovered Stocks to resolve any claims the Trustee has or could have asserted against the Defendant in Bankruptcy Court or against the Government in any ancillary proceeding in this matter regarding the Irwin and Carole Lipkin IA Accounts;

WHEREAS , the Government agrees to apply the Trustee Recovered Stocks in partial satisfaction of the Money Judgment;

WHEREAS, the Defendant and the Potential Claimants understand that the Government seeks to forfeit the Specific Property and to distribute the proceeds to the victims of the fraud through the process of remission, consistent with applicable Department of Justice Regulations;

WHEREAS, the Defendant and the Potential Claimants agree, on behalf of themselves and their executors, administrators, heirs and assigns, to release, remise, and forever discharge: (a) Trustee; (b) all of Trustee's attorneys, professionals, agents and consultants; and (c) BLMIS and its consolidated estate, from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown (including Unknown Claims), now existing or arising in the future, arising out of or in any way related to BLMIS, Madoff, the BLMIS and Madoff consolidated estates, Irwin and Carole Lipkin IA Accounts, or the Avoidable Transfers (the "Released Claims").

WHEREAS, "Unknown Claims" shall mean any Released Claims (as defined above), that Potential Claimants do not know or suspect to exist in their favor at the time of giving the release in this Consent Preliminary Order of Forfeiture as to Specific

8

Properties/Money Judgment that if known by them, might have affected their settlement and release in this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment.

WHEREAS, with respect to any and all Released Claims, Potential Claimants shall expressly waive or be deemed to have waived, the provisions, rights and benefits of California Civil Code section 1542 (to the extent it applies herein), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

WHEREAS, the Defendant and the Potential Claimants agree to expressly waive, and shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code section 1542.

WHEREAS, the Defendant and the Potential Claimants may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Defendant and the Potential Claimants shall expressly have and shall be deemed to have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence or such different or additional facts. The Defendant and the Potential Claimants acknowledge and shall be deemed

to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

IT IS HEREBY STIPULATED, ORDERED, AND AGREED, by and between the United States of America, by and through its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys Paul M. Monteleoni and Jonathan Cohen, of counsel, and the defendant, IRWIN LIPKIN, and his attorney, Richard P. Galler, Esq.; Carole S. Lipkin, and her attorney, Michael A. Raskin, Esq.; Eric S. Lipkin, and his attorney, James Filan, Esq.; Marc Lipkin; Russell Lipkin and Karen Yokomizo-Lipkin, and their attorney, Richard P. Galler, Esq.; and the bankruptcy attorney for Irwin and Carole Lipkin, Gary Reddish, Esq.; and Irving H. Picard, Esq. as Trustee, and his counsel, Keith R. Murphy, Esq. and Fernando A. Bohorquez, Jr., that:

1.     The foregoing "Whereas" paragraphs are included herein by reference as if set forth at length and made an integral part of this Agreement.

2.     As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $170,000,000,000 in United States currency (the "Money Judgment") shall be entered against the Defendant, for which he shall be jointly and severally liable as to any forfeiture money judgment entered against his co-defendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JOANN CRUPI a/k/a "Jodi," JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELLESSA-PITZ, CRAIG KUGEL, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G.

FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (LTS) (S.D.N.Y.).

3.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, or law firm check made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

4.     Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     As a result of the offenses charged in Counts One and Two of the Information, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

6.     The Defendant and the Potential Claimants withdraw and relinquish any claim to the Specific Property, and all property traceable to such property, including, but not limited to, all right, title and interest in the Specific Property and agree that the Defendant and the Potential Claimants will not object to the entry of a Final Order of Forfeiture or otherwise contest the judicial forfeiture of such property under the U.S. forfeiture laws or assist a third party in doing so. The Defendant and the Potential Claimants agree not to file any claim or

petition for remission or mitigation in any proceeding involving the forfeiture of the Specific Property or to assist any other person in doing so.

7.       The Trustee agrees to relinquish any claim to the Specific Property and will not file a petition or claim or assist others in filing a petition or claim, or otherwise take any action to contest the forfeiture of any of the Specific Property or make any claim to the Released Property in the Bankruptcy Court.

8.       The Government and Trustee relinquish any claim to the Released Property and agree not to seek the forfeiture of the Released Property in this matter.

9.       Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure custody and control.

10.      The Defendant and Potential Claimants agree to take any actions necessary to effect the transfers provided by this agreement, including the execution of any necessary documentation.

11.      For the purpose of effecting the settlement, Defendant and the Potential Claimants shall cause the Trustee Recovered Stocks (i.e., the shares set forth in Schedule B, attached hereto) to be transferred from the Joint Fidelity Account to the Trustee through instructions to be provided by a representative of the Trustee employed by Baker & Hostetler LLP. This transfer, and any liquidation of funds necessary to effect this transfer, shall be for the benefit of the Trustee and with the consent of Irwin and Carole Lipkin, accountholders for the Fidelity Joint Investment Account.

12.   The Defendant and the Potential Claimants agree that the Irwin Lipkin Determination Notice and Carole Lipkin Determination Notice shall continue in full force and effect and shall be deemed final and not subject to dispute.

13.   As part of the consideration to Trustee hereunder, Irwin Lipkin and Carole Lipkin have each delivered concurrently herewith to Trustee for filing an executed Notice of Withdrawal of Objection with prejudice, in the form attached hereto as Exhibits A and B, respectively.

14.   The Government agrees to credit the Trustee Recovered Stock toward the Money Judgment. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment. Any person, other than the Defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

15.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

13

16.     Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

17.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.  If finally forfeited to the United States, the Specific Property shall be applied in partial satisfaction of the Money Judgment.

18.     The Defendant and Potential Claimants are hereby barred from asserting any claim against the United States of America ("USA"), the Department of Justice (the "DOJ"), the U.S. Attorney's Office for the Southern District of New York (the "SDNY-USAO"), the Federal Bureau of Investigations (the "FBI"), or the United States Marshals Service (the "USMS"), or any agents or employees of the above (the "Released Parties"), in connection with any seizure, possession, or attempt to forfeit the Specific Property or the Released Property, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the Specific Property or the Released Property, that the Defendant or Potential Claimants are prevailing parties, or that the Defendant or Potential Claimants are entitled to attorney's fees or any award of interest.

19.     The Defendant and the Potential Claimants represent that they are the sole owners of the Specific Property and the Released Property and further agree to hold harmless the USA, the DOJ, the SDNY-USAO, the USMS, and the FBI, as well as any and all employees, officers, and agents of the USA, the DOJ, the SDNY-USAO, the USMS, and the FBI from any and all claims arising from any acts, incidents, or occurrences in connection with the seizure

and/or possession of the Specific Property and Released Property, including but not limited to any third-party claims of ownership of the Specific Property or Released Property.

20.    The Trustee is hereby barred from asserting any claim against the USA, the DOJ, the SDNY-USAO, the USMS, the FBI, or any agents and employees of the USA, the DOJ, the SDNY-USAO, the USMS, and the FBI, as well as local and state agents, officers or employees, past and present, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Specific Property, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the Specific Property.

21.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, IRWIN LIPKIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

22.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

23.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the SDNY-USAO is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

24.    In consideration for the covenants and agreements set forth in this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect to any rights arising under this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, Trustee hereby releases, remises and forever discharges the Defendant and the Potential Claimants from any and all past, present or future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, that are, have been, could have been, or might in the future be, exclusively asserted by Trustee against Potential Claimants based on, arising out of, or relating in any way to the Irwin and Carole Lipkin IA Accounts.  For the avoidance of doubt, nothing contained in this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment shall have any impact upon the Trustee's claims in the Adversary Proceeding based on, arising out of, or relating in any way to investment advisory accounts nos. 1L0092, 1L0093, 1L0094, 1L0157, 1L0214, 1L0306 and 1L0319, or any other transfer not related to the Irwin and Carole Lipkin IA Accounts.

25.    The Defendant and the Potential Claimants expressly waive, and shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar,

comparable or equivalent in effect to California Civil Code section 1542. Potential Claimants may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Potential Claimants shall expressly have and shall be deemed to have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence or such different or additional facts. Potential Claimants acknowledge and shall be deemed to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

26.     Trustee releases only the Defendant and the Potential Claimants and solely to the extent set forth pursuant to the terms of this Consent Preliminary Order of Forfeiture and does not release any others including, but not limited to immediate, mediate or subsequent transferees of any other avoidable transfers.

27.     The foregoing release in paragraph 24 is made by Trustee exclusively in his capacity as trustee for the Liquidation Proceeding and the substantively consolidated Chapter 7 case of Bernard L. Madoff, and shall not constitute a release by any other party in any other capacity.

28.     Potential Claimants, on behalf of themselves and their executors, administrators, heirs and assigns, hereby release, remise, and forever discharge: (a) Trustee; (b) all of Trustee's attorneys, professionals, agents and consultants; and (c) BLMIS and its

17

consolidated estate, from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown (including Unknown Claims), now existing or arising in the future, arising out of or in any way related to BLMIS, Madoff, the BLMIS and Madoff consolidated estates, Irwin and Carole Lipkin IA Accounts, or the Avoidable Transfers (the "Released Claims").

29.     As soon as practicable after the forfeiture and transfer payment to the Trustee of the Trustee Recovered Stock, counsel for Trustee and counsel for the Defendant and the Potential Claimants shall respectively execute, and Trustee shall subsequently file, a Stipulation of Dismissal dismissing Irwin Lipkin and Carole Lipkin from the Adversary Proceeding with prejudice and without costs to either Trustee, the Defendant or Potential Claimants.

30.     Trustee hereby represents and warrants to the Defendant and the Potential Claimants that he has the full power, authority and legal right to execute and deliver this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and to perform his obligations hereunder.

31.     Trustee further represents and warrants, to the best of his knowledge, information, and belief, that other than those claims that he asserted in the Adversary

Proceeding, he is not aware of any other potential claims against the Defendant or the Potential Claimants by the BLMIS or Madoff consolidated estates.

32.     The Defendant and each of the Potential Claimants hereby represents and warrants to Trustee that: (i) he or she has the full power, authority, legal right and capacity to execute and deliver this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and to perform his or her obligations hereunder; (ii) this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment has been duly executed and delivered by the Defendant and each of the Potential Claimants and constitutes the valid and binding agreement of the Defendant and each of the Potential Claimants, enforceable against each of them in accordance with its terms; (iii) in executing this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the Defendant and each of the Potential Claimants has done so with the full knowledge of any and all rights that the Defendant and each Potential Claimants may have with respect to the controversies herein compromised, and the Defendant and each of the Potential Claimants has received or has had the opportunity to obtain independent legal advice from his or her attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (iv) no other person or entity, other than those specifically identified herein, has any interest in the matters that the Defendant and each of the Potential Claimants releases herein, and the Defendant and each of the Potential Claimants has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that each of them releases herein.

33.     The Defendant and each of the Potential Claimants represents and warrants, to the best of his or her knowledge, information and belief, that: (1) other than the Transfers as referenced on the schedules attached as Exhibit B to the Complaint filed in the

19

Adversary Proceeding and – with respect to IRWIN LIPKIN, Carole S. Lipkin, and Eric Lipkin, the salary, bonuses, commissions, employment benefits, and other forms of compensation which they received in connection with their employment at BLMIS (the "Employment Compensation") – he or she has not received any other money, funds, loans, transfers, assets, financial assistance or financial accommodation from Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS; (2) he or she is not an immediate, mediate or subsequent transferee of any funds or property originating from Madoff or BLMIS to an initial transferee, other than as set forth in schedules attached as Exhibit B to the Complaint filed in the Adversary Proceeding and the employment compensation paid to Irwin Lipkin; and (3) he or she is not aware of any other potential claims against him or her by Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS.

34.    Any and all prior agreements between the Defendant and any Potential Claimant, on the one hand, and BLMIS and/or Madoff on the other hand, are hereby terminated as of the date of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment.

35.    The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

[The remainder of this page is intentionally left blank]

36.     This   Consent   Preliminary   Order   of   Forfeiture   as   to   Specific
Property/Money Judgment may be executed in one or more counterparts, each of which will be
deemed an original but all of which together will constitute one and the same instrument.
Facsimile and electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____       _____
PAUL M. MONTELEONI                                                    DATE
JONATHAN COHEN
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-2219


        _____       _____
IRWIN LIPKIN                                                                   DATE
DEFENDANT


By: _____       _____
RICHARD P. GALLER, ESQ.                                               DATE
75 Essex Suite 220
Hackensack, NJ 07601
*Attorney for Irwin Lipkin and Potential Claimants*


        _____       _____
CAROLE S. LIPKIN                                                           DATE
Potential Claimant


By: _____       _____
MICHAEL A. RASKIN, ESQ.                                               DATE
180 East 62nd Street, Suite 1CD
Bronx, NY 10451
*Attorney for Carole S. Lipkin*

34.    The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

35.    This Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Facsimile and electronic copies shall be treated as originals.

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____          _____
      PAUL M. MONTELEONI                              DATE
      JONATHAN COHEN
      Assistant United States Attorneys
      One St. Andrew's Plaza
      New York, New York 10007
      Tel.: (212) 637-2219

      _____          _____
      IRWIN LIPKIN                                     8/1/15
      DEFENDANT                                        DATE

By: _____          _____
      RICHARD P. GALLER, ESQ.                          8-1-15
      75 Essex Suite 220                               DATE
      Hackensack, NJ 07601
      *Attorney for Irwin Lipkin and Potential Claimants*

      _____          _____
      CAROLE S. LIPKIN                                 DATE
      Potential Claimant

21

By: _____           _____8/1/15_____
MICHAEL A. RASKIN, ESQ.                         DATE
180 East 62nd Street, Suite 1CD
Bronx, NY 10451
*Attorney for Carole S. Lipkin*

_____               _____8/1/15_____
MARC LIPKIN                                     DATE
Potential Claimant

_____               _____
ERIC S. LIPKIN                                  DATE
Potential Claimant

By: _____           _____
JAMES FILAN, ESQ.                               DATE
315 Post Road West
Westport, CT 06880
*Attorney for Eric S. Lipkin*

_____               _____
RUSSELL LIPKIN                                  DATE
Potential Claimant

_____               _____
KAREN YOKOMIZO-LIPKIN                           DATE
Potential Claimant

By: _____           _____8/3/15_____
Gary Redish, Esq. Gary S Redish                 DATE
Winne, Banta, Basralian & Kahn, P.C.
Court Plaza South - East Wing - Suite 101
21 Main Street, Hackensack, New Jersey 07601
*Attorney for Irwin and Carole Lipkin*
*in adversary preceding*

By: _____           _____
Irving H. Picard, Esq.                          DATE
As Trustee

By: _____           _____
Keith R. Murphy, Esq.                           DATE

22

By: _____

MICHAEL A. RASKIN, ESQ.                    DATE
180 East 62nd Street, Suite 1CD
Bronx, NY 10451
*Attorney for Carole S. Lipkin*


_____

MARC LIPKIN                                DATE
Potential Claimant


_____

ERIC S. LIPKIN                             DATE
Potential Claimant

By: _____

JAMES FILAN, ESQ.                          DATE
315 Post Road West
Westport, CT 06880
*Attorney for Eric S. Lipkin*


_____            8/2/15
RUSSELL LIPKIN                             DATE
Potential Claimant


_____            8/2/15
KAREN YOKOMIZO-LIPKIN                      DATE
Potential Claimant

By: _____

Gary Reddish, Esq.                         DATE
Winne, Banta, Basralian & Kahn, P.C.
Court Plaza South - East Wing - Suite 101
21 Main Street, Hackensack, New Jersey 07601
*Attorney for Irwin and Carole Lipkin
in adversary preceding*


By: _____

Irving H. Picard, Esq.                     DATE
As Trustee


By: _____

Keith R. Murphy, Esq.                      DATE

22

By: _____          _____
    MICHAEL A. RASKIN, ESQ.                      DATE
    180 East 62nd Street, Suite 1CD
    Bronx, NY 10451
    *Attorney for Carole S. Lipkin*


_____          _____
MARC LIPKIN                                   DATE
Potential Claimant


_____          08/01/15
ERIC S. LIPKIN                                DATE
Potential Claimant

By: _____          8/1/15
    JAMES FILAK, ESQ.                            DATE
    315 Post Road West
    Westport, CT 06880
    *Attorney for Eric S. Lipkin*


_____          _____
RUSSELL LIPKIN                                DATE
Potential Claimant


_____          _____
KAREN YOKOMIZO-LIPKIN                         DATE
Potential Claimant

By: _____          _____
    Gary Reddish, Esq.                           DATE
    Winne, Banta, Basralian & Kahn, P.C.
    Court Plaza South - East Wing - Suite 101
    21 Main Street, Hackensack, New Jersey 07601
    *Attorney for Irwin and Carole Lipkin*
    *in adversary preceding*


By: _____          _____
    Irving H. Picard, Esq.                       DATE
    As Trustee


By: _____          _____
    Keith R. Murphy, Esq.                        DATE

22

By: _____            _____8/3/15_____
Irving H. Picard, Esq.                        DATE
As Trustee

By: _____            _____8/3/15_____
Keith R. Murphy, Esq.                         DATE

Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4686
Fax: (212) 589-4200


SO ORDERED:


_____            _____
HONORABLE LAURA TAYLOR SWAIN            DATE
UNITED STATES DISTRICT JUDGE


23

## SCHEDULE A

The Released Stocks consist of:

1. 1766.328 shares of Altria Group Inc. stock (MO);
2. 733.878 shares of Apple Inc. stock (AAPL);
3. 742.038 shares of Brown Forman Corp. class B stock (BFB);
4. 1509.656 shares of Consolidated Edison Holding Co Inc. stock (ED);
5. 50 shares of Google Class A stock (GOOGL);
6. 100.577 shares of Intuit Com stock (INTU);
7. 212.444 shares of Metlife Inc. stock (MET);
8. 487.420 shares of Pepsico Inc. stock (PEP);
9. 76 shares of Williams Partners L P New Com Unit Ld Partnership Int (WPZ).

## SCHEDULE B

The Trustee Recovered Stocks consist of:

1. 100 shares of Amgen Inc. stock (AMGN);
2. 106.989 shares of Boeing Co. stock (BA);
3. 377.418 shares of Chevron Corp New stock (CVX);
4. 1650.570 shares of Coca Cola Co. stock (KO);
5. 407.191 shares of Exxon Mobil Corp. stock (XOM);
6. 200 shares of Facbook Inc. Com. Class A stock (FB)
7. 231.867 shares of International Business Machines stock (IBM);
8. 302.029 shares of JPMorgan Chase & Co. stock (JPM);
9. 313.542 shares of Kraft Foods Group Inc. Com NPV stock (KRFT);
10. 505.683 shares of Mastercard Inc. Class A stock (MA);
11. 423.865 shares of Mondelez International Inc. Com. stock (MDLZ);
12. 1667.122 shares of Philip Morris International Inc. Com. stock (PM);
13. 402.932 shares of Visa Inc. Com. class A stock (V);
14. 326.376 shares of Western Gas Partners LP Com unit Repstg (WES).

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-04218 (SMB) |
| v. | |
| IRWIN LIPKIN, *et al.*, | |
| Defendants. | |

## NOTICE OF WITHDRAWAL OF OBJECTION

Irwin Lipkin (the "Claimant"), having filed an objection and an amended objection (together, the "Objections", Docket Nos. 2250 and 2276, respectively) to the Trustee's Notice of Determination of Claim respecting Claimant's customer claim (#13025), hereby gives notice that he withdraws such Objection.

Dated: _____, ___, 2015

                                           _____
RICHARD P. GALLER, ESQ.
Kleeblatt, Galler, Abramson & Zakim
25 Main Street, Court Plaza North
Hackensack, NJ 07601
*Attorney for Irwin Lipkin*

2

Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>IRWIN LIPKIN, *et al.*,<br><br>          Defendants. | Adv. Pro. No. 10-04218 (SMB) |

## NOTICE OF WITHDRAWAL OF OBJECTION

Carole Lipkin (the "Claimant"), having filed an objection (the "Objection", Docket No. 3090) to

the Trustee's Notice of Determination of Claim respecting Claimant's customer claim (#12861),

hereby gives notice that she withdraws such Objection.

Dated: _____, ____, 2015

                                                 _____

                                                 MICHAEL A. RASKIN, ESQ.
                                                 Michael A. Raskin & Associates, LLC
                                                 180 East 162nd Street, Suite 1CD
                                                 Bronx, NY 10451
                                                 *Attorney for Carole Lipkin*

300365662.1