```
┌────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:  _____         │
│ DATE FILED:  9-22-2015          │
└────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                              :

UNITED STATES OF AMERICA

                              :      STIPULATION AND ORDER

     -v.-

                              :

IRWIN LIPKIN,

                              :

           Defendant.        :      S10 10 CR. 228 (LTS)

                              :

------------------------------------x

WHEREAS, on or about November 8, 2012, IRWIN LIPKIN (the "defendant") was charged in a two-count Information, S9 10 CR. 228 (LTS) (the "Information"), with conspiracy to commit securities fraud, to falsify records of a broker-dealer, to falsify records of an investment adviser, to make false filings with the SEC, and to falsify statements in relation to documents required by ERISA, in violation of 18 U.S.C. § 371 (Count One); and falsifying statements in relation to documents required by ERISA, in violation of 18 U.S.C. §§ 1027 and 2 (Count Two);

WHEREAS, the Information included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including, but not limited to, a sum of money representing the

1

amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, and also gave notice of the Government's intent to forfeit substitute assets;

WHEREAS, on November 8, 2012, the defendant pled guilty pursuant to a plea agreement wherein the defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of those offenses, including but not limited to a sum of money equal to $170 billion, representing the amount of proceeds obtained as a result of the offenses charged in Counts One and Two of the Information;

WHEREAS, on or about August 5, 2015 a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment was entered forfeiting, among other things, all of the defendant's right title, and interest in the real property and appurtenances known as 15408 Strathearn Drive, Delray Beach, Florida, 33446 (the "Subject Property");

WHEREAS, the defendant is the owner of the Subject Property and has an obligation to pay quarterly homeowners'

association assessments to the Gleneagles Fairway Homeowners
Association, Inc. (the "Gleneagles HOA");

IT IS HEREBY STIPULATED AND AGREED, by and between the
plaintiff, United States of America, by its attorney Preet
Bharara, United States Attorney, Assistant United States
Attorney Jonathan Cohen, of counsel, and the Gleneagles HOA, by
its counsel, Joseph Arena, Esq., and by its President, Sandra
Davidoff, that:

1.   At such time as the Subject Property is sold
pursuant either to a final order of forfeiture in this criminal
matter forfeiting the Subject Property to the United States, or
to an interlocutory sale order in this criminal matter, the
United States agrees to satisfy any and all outstanding
quarterly assessments, applicable interest charges on same, late
fees, and reasonable attorneys' fees and costs incurred incident
to the collection process owed by the Defendant, on the Subject
Property from the net proceeds of the sale of the Subject
Property.

2.   The net proceeds from the sale of the Subject
Property will include all moneys realized from the sale of the
Subject Property, except for the following:

> a.   All costs incurred by the United States
> Marshals Service in connection with the

3

maintenance, repair, marketing, and sale of the Subject Property, including attorney fees;

b.  Real estate commissions, if any;

c.  The amount due to any first mortgagee;

d.  Any amounts due on valid liens on the Subject Property superior to the Gleneagles HOA's interest, if any;

e.  Any other real estate, property, transfer, association or other taxes which are due and owing;

f.  Insurance costs, if any;

g.  Escrow fees;

h.  Document recording fees not paid by the buyer;

i.  Title fees;

j.  County transfer fees; and

k.  Any other reasonable closing costs, if any, with respect to the sale of the Subject Property;

3.   In furtherance of such a sale, the Parties agree to execute promptly any documents which may be required to convey clear title to the property and complete the sale of the Subject Property.  Any sale of the Subject Property as described above shall not affect the covenants and restrictions of Gleneagles HOA which are covenants running with the land and which shall continue to bind the Subject Property after the sale.

4

4.     Upon entry of this Stipulation and Order, Gleneagles HOA agrees to not contest or file any claims of interest in the ancillary proceeding in this criminal action or the Civil Forfeiture Action contesting the forfeiture of the Subject Property to the Government.

5.     Nothing contained herein shall preclude the Gleneagles HOA from commencing an action at law against defendant or continuing with the prosecution of the foreclosure action subject to the Government's right of forfeiture.

6.     In the event the home is rented prior to any forfeiture sale, any applicable quarterly assessments as well as interest charges on same, late fees, and reasonable attorneys' fees and costs incurred incident to the collection process shall be paid to the Gleneagles HOA pursuant to the applicable Gleneagles HOA rules and procedures.

7.     For all purposes, unless and until otherwise notified in writing by a United States Marshal or other authorized United States official, Gleneagles HOA shall continue to send homeowners' association communications relevant to the Subject Property to Irwin Lipkin at his most recent address as same appears in the books and records of the Association. Furthermore, for purposes of Gleneagles HOA's roster of voting members, unless and until otherwise notified by a United States

5

Marshal or other authorized United States official, any

homeowners' association voting interest for the Subject Property

shall remain vested in Irwin Lipkin.

8.    The terms of this Stipulation and Order shall be

subject to approval by the Court.  Violation of any terms or

conditions herein shall be construed as a violation of an order

of the Court.

9.    This Stipulation and Order constitutes the

complete agreement between the parties hereto and may not be

amended except by written consent thereof.  The provisions of

numbered paragraph 7 above shall cease to apply when the Subject

Property is sold.


[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

10.   This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation.   Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____          9|21|15
JONATHAN COHEN                          DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2408

GLENEAGLES FAIRWAY HOMEOWNERS ASSOCIATION, INC.

By: _____          9/01/15
SANDRA DAVIDOFF, President              DATE

By: _____          9/21/15
JOSEPH ARENA, ESQ.                      DATE
Attorney for GLENEAGLES FAIRWAY
HOMEOWNERS ASSOCIATION, INC.
Sachs, Sax & Caplan, P.L.
6111 Broken Sound Parkway NW,
Suite 200,
Boca Raton, Florida 33487

SO ORDERED:

_____               9/22/2015
HONORABLE LAURA TAYLOR SWAIN            DATE
UNITED STATES DISTRICT JUDGE